Johnson J.
delivered the opinion of the Court.
The memorandum endorsed on the bond, is pleaded as an agreement to vary the condition, and not as a jiart of the condition itself, and not being by deed, it cannot operate to vary the terms of the condition — The rule is, that a defeasance must be by matter as high as the instrument to be defeated, 2 Saund. 48 n. 1. Hayford v Andrews. Cro. Eliz, 697. In Rogers v Payne, the plaintiff declared in covenant and assigned as a breach, the non payment of a sum of money, and defendant pleaded a discharge in the nature of a release without deed, in satisfaction, and on demurrer it was held to be ill, for that a covenant to pay money, which is by deed, cannot be discharged without deed. So in Fitch v Sutton 5 East 230, it was held that the acceptance of a less would not be a satisfaction of a greater sum, although accompanied with a promise to pay the remainder, when of ability,—and in Dewey v Derby et.al. 20. John. Rep. 462, it was ruled that a parol discharge of one of several joint obligors in a bond conditioned for the performance of covenants, did not discharge the bond.
Motion dismissed»
O’Neall J. concurred.
Harper J. absent.